Per Curiam.
{¶1} After Dewayne R. Fisher pled guilty to three felonies, the trial court sentenced him to prison on one of the felonies and imposed community-control sanctions on the other two. However it imposed the community-control sanctions consecutively to the prison sentence. Rather than appealing the sentence, Dewayne R. Fisher filed a motion to vacate the judgment, claiming it was void. The trial court denied the motion and Dewayne R. Fisher appealed that decision.
{¶2} First Fisher contends the court erroneously failed to merge the allied offenses of felonious assault and kidnapping, rendering them void. He did not raise this argument with the trial court or in a direct appeal. Thus it is barred by res judicata and he cannot raise it here.
{¶3} Fisher also argues that the trial court erroneously denied his motion because his community-control sanctions for kidnapping and illegal cultivation of marijuana cannot be imposed consecutively to his prison sentence for felonious assault, thus making those sanctions void. Based on our precedent, we uphold the validity of this type of sentencing. The trial court *312 thus properly denied Fisher's motion to vacate his sentence. We affirm.
I. FACTS
{¶4} The Meigs County Grand Jury returned a secret indictment charging Dewayne R. Fisher with two counts of felonious assault, two counts of kidnapping with an accompanying firearm specification, and one count of illegal cultivation of marijuana. Fisher entered a guilty plea to one count of felonious assault, one count of kidnapping, and illegal cultivation of marijuana in return for the dismissal of the remaining charges and the firearm specification. The trial court sentenced Fisher to an eight-year prison term for the felonious assault charge and five-year community control terms for the kidnapping and illegal cultivation of marijuana charges. Because community-control sanctions were to be served consecutively to the felonious assault sentence, his aggregate sentence was eight years in prison followed by ten years of community control.
{¶5} Fisher did not appeal his convictions and sentence. Instead, two years later he filed a motion to vacate a void judgment. His motion claimed that: (1) he could not be sentenced for both felonious assault and kidnapping because they were allied offenses of similar import, rendering his sentences void for violating R.C. 2941.25 and the Double Jeopardy Clause of the United States and Ohio Constitutions; and (2) he could not be sentenced to serve his community-control sentences for kidnapping and illegal cultivation of marijuana consecutive to his prison sentence for felonious assault, rendering these sentences void. The trial court denied the motion, concluding that "the appeal time has expired and that said judgment is not a void judgment."
II. ASSIGNMENTS OF ERROR
{¶6} Fisher assigns the following errors on appeal:
I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN FAILING TO VOID PUNISHMENT FOR ALLIED OFFENSES OF SIMILAR IMPORT.
II. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO VOID AND VACATE COMMUNITY CONTROL SANCTIONING FOR KIDNAPPING AND ILLEGAL CULTIVATION OF MARIJUANA.
III. THE TRIAL COURT INFLICTED DOUBLE PUNISHMENT FOR THE SAME OFFENSE, THEREBY RENDERING THE CONVICTIONS VOID PURSUANT TO UNITED STATES SUPREME COURT PRECEDENT.
III. STANDARD OF REVIEW
{¶7} Fisher's motion challenges the propriety of his felony sentences for his convictions. When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). State v. Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. An appellate court may vacate a sentence and remand the matter to the sentencing court if it clearly and convincingly finds, as relevant here, that the sentence is contrary to law. R.C. 2953.08(G)(2).
{¶8} Fisher claims that his sentences are not merely erroneous; they are void. " 'In general, a void judgment is one that had been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment *313 is invalid, irregular, or erroneous.' " State v. Fischer , 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6, quoting State v. Simpkins , 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. Normally "sentencing errors are not jurisdictional and do not render a judgment void." Id. at ¶ 7.
{¶9} But the Supreme Court of Ohio has at times held that "a sentence that is not in accordance with statutorily mandated terms is void," and "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." Id. at ¶ 8 and paragraph one of the syllabus.
IV. LAW AND ANALYSIS
A. Allied Offenses and Double Jeopardy
{¶10} Fisher's first assignment of error asserts that the trial court erred in denying his motion to vacate his sentence because the felonious assault and kidnapping convictions constituted allied offenses of similar import; imposing a sentence on both thus violated R.C. 2941.25. Fisher's third assignment of error contends that the trial court erred in denying his motion to vacate because imposing a sentence on both the felonious assault and kidnapping convictions violated the Double Jeopardy Clauses of the United States and Ohio Constitutions. Because these assignments of error raise similar issues, we consider them jointly.
{¶11} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This protection applies to Ohio citizens through the Fourteenth Amendment and is additionally guaranteed by Article I, Section 10 of the Ohio Constitution.
{¶12} This constitutional protection prohibits multiple punishments for the same offense in the absence of a clear indication of contrary legislative intent. North Carolina v. Pearce , 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds, Alabama v. Smith , 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) ; Whalen v. United States , 445 U.S. 684, 691-692, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). "[W]hen multiple punishments are imposed in the same proceeding, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." State v. Rogers , 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 16, citing Garrett v. United States , 471 U.S. 773, 793, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985).
{¶13} The General Assembly enacted R.C. 2941.25 to identify when a court may impose multiple punishments in the same criminal proceeding:
(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
{¶14} " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal *314 from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, * * * or on appeal from that judgment.' " State v. Szefcyk , 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), quoting State v. Perry , 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; see also State v. Davis , 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 28. " 'Res judicata does not, however, apply only to direct appeals, but to all postconviction proceedings in which an issue was or could have been raised.' " State v. Heid , 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, 2016 WL 1733427, ¶ 18, quoting State v. Montgomery , 2013-Ohio-4193, 997 N.E.2d 579, ¶ 42 (8th Dist.).
{¶15} Fisher claims that res judicata did not bar him from raising his allied-offenses claim in his postconviction motion to vacate because the sentences for both offenses are void. The Supreme Court of Ohio resolved the applicability of the doctrine of res judicata to allied-offenses claims by holding that a judgment of sentence is void "when the trial court determines that multiple counts should be merged but then proceeds to impose separate sentences in disregard of its own ruling." State ex rel. Cowan v. Gallagher , 153 Ohio St.3d 13, 2018-Ohio-1463, 100 N.E.3d 407, ¶ 20, citing State v. Williams , 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶¶ 28-29. "However, 'when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata.' " Cowan at ¶ 20, quoting Williams at ¶ 26 ; see also State v. Brigner , 4th Dist. Athens No. 17CA3, 2017-Ohio-5538, 2017 WL 2774659, ¶ 12.
{¶16} Here there is no evidence or even argument that at sentencing the trial court addressed whether his offenses of felonious assault and kidnapping were allied.[1] Because Fisher did not raise this claim in a timely direct appeal from his sentence, his allied-offenses claim was barred by res judicata. Cowan at ¶ 20 ; Williams at ¶ 26 ; Brigner at ¶ 14. We overrule Fisher's first and third assignments of error.
B. Consecutive Sentences for Prison and Community Control Terms for Separate Offenses
{¶17} Fisher's second assignment of error contends the trial court erroneously denied his motion to vacate because the trial court lacked authority to sentence him to consecutive community-control terms following a prison term for felonious assault.
{¶18} For the most part appellate courts, including this one, have held that a trial court is permitted to order a period of community control sanctions for one offense to run consecutively to a prison term imposed for another separate offense. See, generally, State v. Malone , 2016-Ohio-5556, 61 N.E.3d 46, ¶ 12 (3d Dist.), and *315 cases cited there; see also State v. Leedy , 4th Dist. Meigs Nos. 13CA7 and 13CA8, 2015-Ohio-1718, 2015 WL 2091845, ¶¶ 6-9, citing State v. Meredith , 4th Dist. Athens No. 02CA5, 2002-Ohio-4508, 2002 WL 2005771, at ¶ 13.
{¶19} Previously we emphasized that "we find nothing in R.C. Chapter 2929 that prohibits trial courts from ordering a period of community-control to be served consecutively to a prison sentence." Leedy at ¶ 9 ; see also Meredith at ¶ 12 ("We, however, find nothing in R.C. Chapter 2929 which prohibits this combination of sanctions"). We also held that this sentence is authorized by R.C. 2929.13(A), which provides that "a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in Sections 2929.14 to 2929.28 of the Revised Code." Leedy at ¶¶ 7, 9, citing Meredith at ¶ 12.
{¶20} In effect Fisher argues that we should overrule Leedy and Meredith . In general, " '[s]tare decisis is the bedrock of the American judicial system.' " Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C. , 141 Ohio St.3d 542, 2015-Ohio-241, 26 N.E.3d 806, ¶ 10, quoting Westfield Ins. Co. v. Galatis , 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 1. Based on the fundamental importance of stare decisis to the rule of law, the Supreme Court of Ohio mandated that " 'any departure from the doctrine of stare decisis demands special justification.' " Galatis at ¶ 44, quoting Wampler v. Higgins , 93 Ohio St.3d 111, 120, 752 N.E.2d 962 (2001). The special justification that permits a court to overrule its precedent requires the court to determine: (1) the prior decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision; (2) the decision defies practical workability; and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it. Galatis at paragraph one of the syllabus; State v. Certain , 180 Ohio App.3d 457, 2009-Ohio-148, 905 N.E.2d 1259, ¶ 10 (4th Dist.).
{¶21} Fisher cites State v. Anderson , 2016-Ohio-7044, 62 N.E.3d 229 (8th Dist.), where the Eighth District Court of Appeals, in a 7-5 en banc decision, relied on language from the Supreme Court of Ohio's decision in State v. Anderson , 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, at ¶ 12, which quoted its earlier decisions holding "the only sentence which a trial judge may impose is that provided for by statute." The Eighth District concluded that except for certain felony OVI offenses, "there is no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment," so "the trial court [is] without authority to impose the same[,]" rendering these sentences void. Anderson , 2016-Ohio-7044, 62 N.E.3d 229, at ¶¶ 30-31.
{¶22} Following the Eighth District's decision in Anderson , the Twelfth District agreed and overruled its prior precedent holding otherwise. State v. Ervin , 2017-Ohio-1491, 89 N.E.3d 1 (12th Dist.). Conversely, the First and Fifth Districts rejected this approach and upheld the imposition of community-control terms consecutive to prison terms. See State v. Siemering , 1st Dist. Hamilton No. C-170611, 2018-Ohio-3541, 2018 WL 4214286, ¶¶ 12-13 ; State v. Hitchcock , 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, 2017 WL 4749884. The Supreme Court of Ohio certified the conflict in Hitchcock , and that case remains pending in that court. State v. Hitchcock , 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877.
{¶23} In State v. Paige , 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, the *316 Supreme Court of Ohio held that a trial court could not impose a residential community-control sanction in a community-based-correctional-facility ("CBCF") for one felony to run consecutively to a prison term for a separate felony because none of the statutory exceptions to concurrent jail sentences under R.C. 2929.41(A) applied. See also State v. Weber , 5th Dist. Fairfield No. 17-CA36, 2018-Ohio-3174, 2018 WL 3773864, ¶¶ 27-28 (recognizing that Paige effectively overruled Hitchcock , 2017-Ohio-8255, insofar as the CBCF portion of the consecutive community-control term applied). Paige , however, did not expressly resolve the issue of the imposition of nonresidential community-control sanctions for one felony offense to be served consecutively to a prison term for another felony offense (the terms in that case were concurrent, but the CBCF part of the community-control term was ordered to begin after the prison term for the other offense, which the Supreme Court treated as an improper consecutive term sentence).
{¶24} Upon reflection we do not find our precedent to have been wrongly decided. Based on the rationale in those cases as well as the reasoning of the dissenting opinion in Anderson , 2016-Ohio-7044, 62 N.E.3d 229, and the appellate courts in Siemering and Hitchcock , the trial court was authorized to order the community-control sanctions for two offenses to run consecutively to the prior sentence for the remaining offense. Therefore, the trial court did not err in denying Fisher's motion to vacate this part of his sentence. We overrule Fisher's second assignment of error.
V. CONCLUSION
{¶25} Having overruled Fisher's assignments of error, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
Hoover, P.J. & McFarland, J.: Concur in Judgment and Opinion.
Harsha, J.: Concurs in Part and Dissents in Part with Opinion.

Fisher did not request a transcript of the sentencing hearing to be included in the record on appeal. Therefore, even if the merits of this claim were before us, we would presume that the trial court correctly resolved the allied-offenses issue in the absence of evidence to the contrary. See State v. Lamb , 4th Dist. Highland No. 14CA3, 2014-Ohio-2960, 2014 WL 3013918, ¶ 14, quoting Knapp v. Edwards Laboratories , 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) (" 'When portions of the transcript necessary for the resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assignments of error, the court has no choice but to presume the validity of the lower court's proceedings, and affirm' ").