[Cite as *State v. Byers*, 2019-Ohio-3947.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 19CA4 |
| | : | |
| vs. | : | |
| | : | DECISION AND |
| REED M. BYERS, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Angela Miller, Jupiter, Florida, for Appellant.

Nicole Coil, Washington County Prosecuting Attorney, and David K.H. Silwani, Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.
_____

Smith, P.J.

{¶1} This an appeal from a Washington County Common Pleas Court judgment entry finding Appellant, Reed M. Byers, guilty of two counts of Aggravated Trafficking in Drugs, both third-degree felonies in violation of R.C. 2925.03(A)(1) and (C)(1)(b). Appellant was sentenced to a twenty-four month prison term on one count and a five-year term of community control on the other count, to be served consecutively. Because the Supreme Court of Ohio recently held that trial courts lack statutory authority to order community control sanctions be served consecutively to prison terms on other felony counts, we sustain

Appellant's sole assignment of error.  Accordingly, the decision of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.

## FACTS

{¶2} The State concurs with Appellant's statement of the case and facts.  We have therefore summarized the agreed-upon facts and case history pertinent to this appeal as follows.  Appellant was indicted on October 1, 2018, for five counts of Aggravated Trafficking in Drugs, one of which was a second-degree felony and the rest of which were third-degree felonies, all in violation of R.C. 2925.03. Appellant was also indicted on one count of Aggravated Possession of Drugs, a third-degree felony in violation of R.C. 2925.11, and one count of Having Weapons While Under Disability, a third-degree felony in violation of RC. 2923.13.  The indictment also contained twelve forfeiture specifications.  Pursuant to a plea agreement, on January 10, 2019, Appellant pled guilty to counts three and four of the indictment, both of which charged him with third-degree felony Aggravated Trafficking in Drugs.  He also entered guilty pleas to all twelve forfeiture specifications with an agreement that some of the items, which included a computer and a vehicle belonging to other family members, be exempted.  In exchange, the trial court dismissed counts one, two, five, six and seven of the indictment.

{¶3} The trial court thereafter sentenced Appellant to a twenty-four-month prison term in connection with his guilty plea to count four of the indictment. The trial court also sentenced Appellant to a five-year period of community control in connection with his guilty plea to count three of the indictment, but ordered that it be "tolled" until completion of the prison term imposed on count four. Thus, the trial court essentially ordered the two sentences be served consecutively. Defense counsel objected to the trial court's imposition of a blended sentence, arguing that the trial court was not permitted to tack on a period of community control after completion of a prison term. The trial court noted the objection but did not alter the manner in which it imposed the sentences. Appellant has now appealed the trial court's February 26, 2019 judgment entry and sets forth one assignment of error for our review.

ASSIGNMENT OF ERROR

I.     "THE TRIAL COURT ERRED IN SENTENCING
       APPELLANT TO A TERM OF COMMUNITY CONTROL
       CONSECUTIVE TO AN IMPOSED PRISON TERM ON A
       SEPARATE FELONY COUNT."

LEGAL ANALYSIS

{¶4} In his sole assignment of error, Appellant contends that the trial court erred in sentencing him to a term of community control to be served consecutively to a prison term imposed on a separate felony count. More specifically, Appellant argues that the trial court lacked statutory authority to impose community control

sanctions to be served consecutively with a prison term. Thus, as Appellant argues the trial court lacked statutory authority to impose his sentences in the manner that it did. Appellant essentially contends his sentence is contrary to law.

{¶5} Appellant concedes there is a split of authority on this particular question among Ohio courts but nevertheless urges this Court to vacate the community control portion of his sentence and remand the matter for resentencing. The State, however, asks this Court to follow its prior ruling in *State v. Fisher*, 2018-Ohio-5018, 124 N.E.3d 310 (4th Dist.), where we held that trial courts were authorized to order a community control sanction to be served consecutively to a prison term imposed on another count. We begin with a look at the appropriate standard of review to be employed when reviewing challenges to the imposition of felony sentences.

{¶6} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 22-23. Under R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶7} As set forth above, Appellant acknowledges there is a split of authority among Ohio courts on this issue and notes the question is currently pending before the Supreme Court of Ohio. *See State v. Hitchcock*, 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877 (determining that a conflict exists, accepting the cause and holding it for decision in 2016-1848). Appellant further argues that ordering both post-release control and community control is duplicative. As indicated above, the State urges this Court to adhere to our prior ruling in *State v. Fisher*, *supra*. In *Fisher*, this Court issued a split opinion with the majority holding that a trial court "was authorized to order the community-control sanctions for two offenses to run consecutively to the prior sentence for the remaining offense." *Id*. at ¶ 24. However, in so holding we acknowledged that the Supreme Court of Ohio had certified a conflict in *Hitchcock*, and that the case remained pending at the time we issued our decision.

{¶8} Since the parties herein filed their briefs, the Supreme Court of Ohio issued a decision on the certified question presented in *Hitchcock*. *See State v.*

*Hitchcock*, 2019-Ohio-3246, ---N.E.3d--- (2019). In rendering its decision, the

Court engaged in a review of the "relevant aspects of Ohio's sentencing process[]"

with respect to "a court sentencing a defendant on multiple felony counts * * *."

*Id*. at ¶ 15. For instance, the Court observed that when sentencing on multiple

felony counts, a court "must initially determine the limits of its discretion." *Id*.

The Court noted that "[s]ome felonies involve mandatory prison terms or a

specification that removes sentencing discretion from the trial court." *Id*., citing

R.C. 2929.14(B). The Court further explained as follows in ¶ 16-18:

> When sentencing a defendant on other felonies, such as the third-
> degree felonies at issue in this case, the trial court has discretion to
> impose either a prison term under R.C. 2929.14 or community-control
> sanctions under R.C. 2929.15. In making this determination, the trial
> court is sometimes guided by statutory presumptions or preferences
> affixed to certain felony levels. R.C. 2929.13. The applicable statute
> might apply to the relevant felony either a rebuttable presumption of a
> prison term, R.C. 2929.13(D), or a preference for community-control
> sanctions, R.C. 2929.13(B), or the statute might be neutral—without a
> presumption or preference either way, R.C. 2929.13(C).
> In exercising its discretion to impose either a prison term or
> community-control sanctions for an offense, the trial court must

consider the overriding purposes of felony sentencing under R.C. 2929.11 and the aggravating and mitigating factors enumerated in R.C. 2929.12.

As this court has previously stated, in Ohio, judges have no inherent power to create sentences, and the only sentence that a trial judge may impose is that provided for by statute. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 10, 12.

{¶9} Finally, with respect to the issue presently before us, the Court stated that "[t]he Revised Code is silent as to whether a community-control sanction imposed for one felony runs concurrently or consecutively to a prison term imposed for another felony." *State v. Hitchcock*, 2019-Ohio-3246, --- N.E.3d ---, at ¶ 20. The Court reflected, however, that "[t]he general principle set forth in the Revised Code is that concurrent sentences are the default and consecutive sentences are the exception[,]" and that "[t]his general principle is consistent with the rule of lenity." *Id*. at ¶ 21, citing R.C. 2901.04(A) and *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 38. The Court further reasoned that although "the Revised Code does not prohibit trial courts from imposing community control sanctions on one felony to be served consecutively to a prison term imposed on another felony[,] * * * this does not mean that trial courts are authorized to impose such consecutive terms." *State v. Hitchcock* at ¶ 23.

In light of this reasoning, the Court determined that "[a]bsent express statutory authorization for a trial court to impose the increased penalty of consecutive sentences, the trial court must follow the default rule of running the sentences concurrently." *Id*. at ¶ 24.

{¶10} Thus, the Supreme Court ultimately held as follows on the certified-conflict question:

> In this case, we are tasked with answering the certified-conflict question whether a trial court may impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on a separate felony count. We answer that question in the negative and conclude that unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count. *Hitchcock* at ¶ 1.

In support of its holding, the Court reasoned as follows:

> Because no provision of the Revised Code authorizes trial courts to impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count, we must conclude that trial courts may not do so. *Id*. at ¶ 24.

{¶11} Accordingly, the *Hitchcock* holding is dispositive of the issue raised in the present appeal and mandates that we sustain Appellant's sole assignment of error, reverse the judgment of the trial court and remand this matter for resentencing consistent with this opinion.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and costs be assessed to Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hess, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____

Jason P. Smith, Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**