[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Paige,* Slip Opinion No. 2018-Ohio-813.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-813

THE STATE OF OHIO, APPELLANT, *v.* PAIGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Paige,* Slip Opinion No. 2018-Ohio-813.]**

*Criminal law—Sentencing—Trial court did not impose improper split sentence by sentencing defendant to prison term on one count and concurrent community-control sanction on separate count—Trial court lacked authority under R.C. 2929.41(A) to order, as part of defendant's community-control sanction, that he be placed in a community-based-correctional facility ("CBCF") after his completion of separate prison term—Court of appeals' judgment reversed and sentence reinstated except for condition requiring placement in CBCF.*

(No. 2016-1848—Submitted December 5, 2017—Decided March 7, 2018.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 104109, 2016-Ohio-7615.

_____

**O'CONNOR, C.J.**

{¶ 1} In this appeal, we review a sentence consisting of community-control sanctions, including a community-residential sanction, imposed on one offense, to run concurrently with a prison term imposed on a separate offense. We conclude that the concurrent term of community control was proper but that the residential-sanction portion of the sentence was not authorized by statute. Accordingly, we reverse the judgment of the Eighth District Court of Appeals.

## RELEVANT BACKGROUND

{¶ 2} Appellee, Michael T. Paige, pleaded guilty to one count each of sexual battery, abduction, and domestic violence. For sentencing purposes, the trial court merged the sexual-battery and abduction counts, and the state elected to proceed with sentencing on the sexual-battery count.

{¶ 3} On the sexual-battery count, the trial court sentenced Paige to serve a 42-month prison term, minus jail-time credit, followed by five years of mandatory postrelease control. On the domestic-violence count, the court sentenced Paige to five years of community-control supervision. The community-control sentence included several conditions, including that upon his release from prison for the sexual-battery count, Paige must return to the county jail for assessment and transfer to a community-based-correctional-facility ("CBCF"). As additional conditions of the community-control sentence, the trial court ordered Paige to successfully complete an anger-management program and prohibited him from having contact with the victim while on community control. The trial court also imposed three years of mandatory postrelease control and classified Paige as a Tier III sex offender.

{¶ 4} On appeal to the Eighth District Court of Appeals, Paige asserted the following assignment of error:

> The trial court erred in [imposing] a sentence, which included both a prison term and community control sanctions at the same time, and where the community control sanctions continued after the completion of the prison sentence, which also included additional confinement in CBCF.

(Brackets sic.) 2016-Ohio-7615, ¶ 1. The appellate court agreed and vacated the sentence on the domestic-violence count. It concluded that because Paige was ordered to serve a portion of the community-control sentence in prison and a portion upon release in a CBCF, the sentence on the domestic-violence count was a "split sentence" not permitted by statute. *Id.* at ¶ 8.

{¶ 5} We accepted jurisdiction over the state's discretionary appeal. 150 Ohio St.3d 1407, 2017-Ohio-6964, 78 N.E.3d 908.

### ANALYSIS

{¶ 6} Split sentences are prohibited in Ohio. Generally, pursuant to the felony-sentencing statutes, a court must impose either a prison term or a community-control sanction as a sentence for a particular felony offense—a court cannot impose both for a single offense. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 31. The trial court complied with that rule here by imposing a prison sentence on the sexual-battery count and, separately, a five-year period of community control on the domestic-violence count. Thus, the trial court did not impose a split sentence.

{¶ 7} Paige argues, however, that the "effective sentence" on the domestic-violence count is both a prison term *and* community-control supervision because the prison term is "incorporated" into the term of community control as a result of the concurrently running sentences on each offense. The court of appeals also seemed to view the sentences on each offense together when it concluded that "by making the community control sentence longer than that imposed for the sexual

battery count, the trial court imposed a split sentence for the domestic violence count, which is prohibited." 2016-Ohio-7615, at ¶ 10.

{¶ 8} We have been clear that the "sentencing package" doctrine, by which federal courts may consider multiple offenses as a whole and impose an overarching sentence, is not applicable in Ohio's state courts, and "appellate courts may not utilize the doctrine when reviewing a sentence or sentences." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 10. Thus, the court of appeals erred to the extent that it considered the sentences for each offense together as a whole. The only task before us is to determine whether the community-control sentence imposed on the domestic-violence count was proper.

{¶ 9} We agree with the state that the mere fact that the sentences on each offense were to run concurrently does not mean that the community-control sentence imposed on the domestic-violence count included a prison term. The prison term was imposed on the sexual-battery count, and a period of community-control supervision was imposed separately on the domestic-violence count. This complies with our recent decision in *Anderson*.

{¶ 10} Additionally, nothing in the sentencing statutes requires the duration of a community-control sanction to match that of a concurrent prison term. The only applicable requirement is that "[t]he duration of all community control sanctions imposed upon an offender under this division shall not exceed five years." R.C. 2929.15(A)(1). Thus, we do not accept the appellate court's conclusion that the length of the community-control sentence resulted in an improper split sentence here.

{¶ 11} However, the trial judge specifically ordered, as part of the community-control sentence imposed on the domestic-violence count, that Paige be placed in a CBCF upon completion of the prison term imposed on the sexual-battery count. Paige argues that this constitutes an improper consecutive term of imprisonment.

**{¶ 12}** Notably, the state concedes that the trial court erred when it ordered Paige's placement in a CBCF upon his release from prison. R.C. 2929.41(A) provides that a "prison term, jail term, or sentence of imprisonment shall be served *concurrently* with any other prison term, jail term, or sentence of imprisonment imposed" unless a statutory exception applies. (Emphasis added.) Pursuant to R.C. 1.05(A), "imprisonment" includes a term in a CBCF. Thus, a term of confinement in a CBCF is a "sentence of imprisonment" under R.C. 2929.41(A).

**{¶ 13}** A confinement term in a CBCF is a permissible community-residential sanction for certain felony offenders pursuant to R.C. 2929.16(A)(1). But here, none of the statutory exceptions in R.C. 2929.41(A) apply to permit the CBCF term to run consecutively to the prison term imposed on the sexual-battery count. *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, ¶ 16 (8th Dist.); *see also State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492, 808 N.E.2d 874 (concluding that because the General Assembly expressly provided statutory exceptions to the general rule that sentences of imprisonment must be run concurrently and because jail sentences did not qualify as an exception under R.C. 2929.41(A), jail sentences may not be imposed consecutively). Accordingly, the trial court had no statutory authority to order, as part of the community-control sanction, that Paige be placed in a CBCF after his completion of the separate prison term. Judges must impose only those sentences provided for by statute. *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, at ¶ 12. Thus, the trial court's imposition of a CBCF term as a community-control sanction, to be served consecutively to a prison term imposed on a separate offense, was improper.

**{¶ 14}** We turn, then, to the remedy. The state asserts that the proper remedy is to vacate only the improperly imposed residential sanction and leave the remaining conditions of the community-control sentence intact. We agree with this approach here. Under R.C. 2929.15(A)(1), a court may impose on a felony offender who is not required to serve a mandatory prison term one or more community-

control sanctions authorized by statute. Here, the trial court imposed a five-year period of community-control supervision with a number of conditions, including completion of anger-management training, a no-contact order, and placement in a CBCF (as discussed above). Because vacating the improperly imposed CBCF term does not disturb the remainder of the community-control sentence, we conclude that the proper remedy is to vacate only that portion of the community-control sentence.

## CONCLUSION

{¶ 15} Accordingly, we reverse the judgment of the Eighth District Court of Appeals and reinstate the sentence imposed on the domestic-violence count except for the condition requiring Paige's placement in a CBCF upon his release from prison, which we vacate.

Judgment reversed,

and sentence vacated in part

and reinstated in part.

O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and RICE, JJ., concur.

CYNTHIA W. RICE, J., of the Eleventh District Court of Appeals, sitting for O'NEILL, J.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar and Kerry Sowul, Assistant Prosecuting Attorneys, for appellant.

Mark A. Stanton, Cuyahoga County Public Defender, and Paul A. Kuzmins, Assistant Public Defender, for appellee.

_____