[Cite as *State v. Reyes*, 2019-Ohio-1127.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                      No. 107323

v.                                       :

ANGELO REYES,                           :

    Defendant-Appellant.         :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 28, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-610433-A

### *Appearances:*

Mancino Mancino & Mancino, Paul A. Mancino, Jr., *for appellant.*

Michael C. O'Malley, Prosecuting Attorney, and Kevin E. Bringman, Assistant Prosecuting Attorney, *for appellee.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Angelo Reyes, appeals his sentence. He raises four assignments of error for our review:

1. Defendant was denied due process of law when he was sentenced to prison after the expiration of the community control sanction at [a community-based correctional facility ("CBCF")].

2. Defendant was denied due process of law when he was improperly sentenced by the court.

3. Defendant was denied due process of law when he was sentenced to prison after his CBCF sentence had expired.

4. Defendant was denied due process of law when he was found to be a community control sanction violator without the court specifying the reasons for the violation.

{¶ 2}   Finding no merit to his assigned errors, we affirm the judgment of the trial court.

## I. Procedural History and Factual Background

{¶ 3}   In October 2016, the grand jury indicted Reyes on four counts: one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree, and three counts of drug possession in violation of R.C. 2925.11(A), felonies of the fifth degree (cocaine, heroin, and fentanyl).

{¶ 4}   Two months later, Reyes pleaded guilty to receiving stolen property and drug possession (of cocaine) as charged in the indictment.  The remaining counts were nolled.

{¶ 5}   In January 2017, the trial court sentenced Reyes to one year of community control sanctions on each count with the following conditions:

Defendant to abide by all rules and regulations of the probation department.  Defendant ordered to be screened for placement into the community based correctional facility.  Court authorizes a copy of the [presentence investigation] report to be given to CBCF for purposes of screening, evaluation, and case planning.  If found eligible, and in

custody of Cuyahoga County jail, defendant is to be held until such time as a bed becomes available at the CBCF, at which time he is to be released into custody of CBCF personnel. If found eligible, defendant to successfully complete entire CBCF program and follow all program and community plan recommendations. Upon successful completion of CBCF program, defendant is to:

1. Report to probation officer weekly for three months and every two weeks thereafter.

2. Attend programming as indicated in case plan.

3. Defendant is ordered to pay a monthly supervision fee of $20.

4. Random drug testing.

5. Conditions and terms of probation are subject to modification by the probation officer and with approval of the court.

{¶ 6} The trial court also notified Reyes that if he failed to follow the rules and regulations of the CBCF, he could be taken into custody and returned to the Cuyahoga County jail and held without bond until further order of the court. The trial court elected not to suspend Reyes's driving privileges. The trial court also notified Reyes that if he violated the terms of his community control sanctions, it could impose a more restrictive sanction or prison for up to 30 months.

{¶ 7} Further, the trial court imposed court costs, but ordered Reyes to perform community work service in lieu of paying court costs. The trial court also ordered Reyes to pay $1,000 in restitution to the victim.

{¶ 8} The trial court held a hearing on June 8, 2017, because Reyes was scheduled to be released from the CBCF on June 27. Reyes's probation officer testified that Reyes was transported to the CBCF on January 19, 2017. The probation

officer stated that as of the date of the hearing, Reyes had completed the required programming, which included, among other things, Money Management, an employment workshop, Treatment Readiness, Thinking and Errors, Thinking for a Change, and Good Intentions, Bad Choices. According to the probation officer, Reyes had a "few minor violations," but overall, "his progress and his rapport" with the probation officer "had been very positive."

{¶ 9} Reyes thanked the court for giving him the opportunity to figure out his life. Reyes stated that he would make use of the tools that he had learned and "make a positive aspect of it."

{¶ 10} The trial court suggested to Reyes that he obtain housing in a sober living house so that he could continue on the right path. At the close of the hearing, the trial court stated, "Stay on the straight and narrow, continue to follow [the probation officer's] directions."

{¶ 11} On July 6, 2017, Reyes met with his probation officer after he was released from the CBCF. The probation officer gave Reyes the rules and expectations of probation at that meeting. But after that meeting, Reyes failed to report to his probation officer. A capias was issued for Reyes's arrest. Reyes was arrested on February 23, 2018.

{¶ 12} The trial court held a probation violation hearing on March 7, 2018. The probation officer informed the court that "[t]he last time that [Reyes] did come to visit [him] at the probation department, [Reyes] was tested, and he was positive for marijuana, cocaine, and fentanyl." The probation officer said that Reyes

informed him that he was still homeless, was not employed, and that he had been working with mental health services through the West Side Catholic Center.

{¶ 13} Reyes admitted the violation. Reyes's counsel told the trial court that after Reyes successfully completed the program at the CBCF, he relapsed before he had his "feet fully solid on the ground." Reyes told his defense counsel that he had a difficult time for a few months, but that he had not "used" since right before Thanksgiving. Reyes told his counsel that "he would be clean" if tested that day.

{¶ 14} The trial court found Reyes to be a probation violator. The court told Reyes that he believed that Reyes was sincere but that he was "too high of a risk" based on what Reyes had done while on probation. The trial court stated that what Reyes had done "was more than just a technical violation of [his] probation." The court told Reyes that it was willing to work with "folks who have drug issues with small fours and fives," but that he had "to show up."

{¶ 15} The trial court terminated Reyes's community control sanctions. The trial court informed Reyes that it would not sentence him to the maximum sentence considering the fact that Reyes had taken some steps in the past few months to better his life. The trial court then sentenced Reyes to 18 months for receiving stolen property and 12 months for drug possession and ordered that they be served concurrent to each other. The trial court further informed Reyes that he would be subject to up to three years of postrelease control upon his release from prison as well as the consequences for violating the terms of his postrelease control. The court also imposed court costs. It is from this judgment that Reyes now appeals.

## II. Community Control Sanctions

{¶ 16} We will address Reyes's first three assignments of error together because they are interrelated. In these assigned errors, Reyes contends that the trial court should have terminated his sentence once he successfully completed six months in the CBCF. According to Reyes, the trial court violated his due process rights and exceeded its jurisdiction when it placed him on community control sanctions after he was released from the CBCF. Reyes therefore maintains that his prison sentence is void because the trial court did not have jurisdiction to sentence him to prison for violating the terms of his community control sanctions that should never have been imposed.

{¶ 17} In support of his arguments, Reyes relies on *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800. In *Paige*, the trial court sentenced the defendant to 42 months in prison for sexual battery to be served concurrent to five years of community control sanctions for domestic violence. As part of Paige's community control sanctions, the trial court imposed several conditions, including that upon his release from 42 months in prison for the sexual battery count, Paige be returned to the county jail for assessment and transfer to a CBCF. Paige argued that this constituted an improper consecutive term of imprisonment. The Supreme Court agreed. It explained that under R.C. 2929.41(A), there were no "statutory exceptions * * * to permit the CBCF term to run consecutively to the prison term imposed on the sexual-battery count." *Id* at ¶ 13. Therefore, the Supreme Court

held that Paige could not "be placed in a CBCF after his completion of the separate prison term." *Id.* at ¶ 13.

{¶ 18} After thorough review of *Paige*, we disagree with Reyes that it supports his arguments. Indeed, we find that *Paige* has no applicability to the present case. The trial court here did not sentence Reyes to consecutive terms of prison on one offense and a residential sanction (six months in the CBCF) on another offense. There was no violation of R.C. 2929.41(A). Rather, R.C. 2929.15 through 2929.18 apply and control the outcome of this case.

{¶ 19} R.C. 2929.15(A)(1) provides:

> If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16 [residential sanctions], 2929.17 [nonresidential sanctions], or 2929.18 [financial sanctions] of the Revised Code.

{¶ 20} The trial court did just that in this case. The trial court imposed one year of community control sanctions on each count to be served concurrently.[1] It then imposed a combination of sanctions, including six months in a CBCF, a residential sanction, to be followed by six months of nonresidential sanctions. Indeed, the trial court made that very clear to Reyes at his original sentencing hearing as well as at the hearing on June 8, 2017. The trial court specifically informed Reyes at his original sentencing hearing that once he completed his six

---

[1] Because the trial court did not specify if the terms should be served consecutively or concurrently, we presume they were concurrent. R.C. 2929.41(A).

months in a CBCF, he would have to report to his probation officer weekly for three months and every two weeks after that, attend programming as indicated in his case plan, pay a monthly supervision fee, participate in random drug testing, and whatever else his probation officer required of him. Further, at the June 8 hearing, right before Reyes completed his time in the CBCF, the trial court told Reyes to continue to follow his probation officer's directions. Reyes even met with his probation officer after he was released and obtained the rules and regulations of probation and, thus, he was well aware that he was still subject to community control sanctions.

{¶ 21} R.C. 2929.15(B)(1) further provides that if the conditions of a community control sanction are violated, the trial court may impose one or more of the following penalties:

(a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit [of total community control sanctions];

(b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, including but not limited to, a new term in a community-based correctional facility, halfway house, or jail pursuant to division (A)(6) of section 2929.16 of the Revised Code;

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of

a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

(ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.

{¶ 22} In this case, the trial court found that Reyes violated the terms of his community control sanctions. Once it did that, it could have imposed any one of the penalties listed in R.C. 2929.15(B)(1) (subject to the restrictions listed in that subsection). The trial court chose to impose prison as it had notified Reyes it would do at the original sentencing hearing if he violated the terms of his community control sanctions.

{¶ 23} Reyes additionally argues that the trial court violated R.C. 2929.16, which sets forth provisions regarding community residential sanctions. But Reyes does not explain how the trial court violated R.C. 2929.16, and we find no violation. Reyes also argues that he should not have been placed on probation under *Fiore v. White*, 531 U.S. 225, 228-229, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) This case defines due process, but has no other application to Reyes's case. *See id.*

{¶ 24} Accordingly, we find no merit to Reyes's first three assignments of error.

**III. Trial Court's Reasons for Finding a Sanctions Violation**

{¶ 25} In his fourth assignment of error, Reyes maintains that the trial court failed to properly give sufficient reasons or findings as to why he was a community control sanctions violator and failed to include any written reasons in its judgment entry. He contends that the trial court's failure to do so violated his constitutional due process rights.

{¶ 26} In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed. 2d 656 (1973), the United States Supreme Court set forth the minimum requirements that a trial court must follow in parole and probation revocation proceedings. These requirements include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact-finders as to evidence relied on and reasons for revoking parole.

These standards were adopted by the Ohio Supreme Court in *State v. Miller*, 42 Ohio St.2d 102, 104, 326 N.E.2d 259 (1975).

{¶ 27} Reyes is correct that the trial court failed to include written findings as to why it found him to be a violator in its judgment entry; the court simply stated, "Court finds defendant, Angelo Reyes, to be in violation of community control

sanctions." But Reyes's contention that the trial court failed to give any reasons at all is not accurate.

{¶ 28} At the revocation hearing, Reyes's probation officer informed the trial court that after Reyes was released from the CBCF, he met with the probation officer to obtain the rules and expectations of probation, but then failed to report to probation after that. Reyes was not taken into custody until approximately six months later. Notably, Reyes did not contest the allegations. In fact, he admitted them. The trial court then found Reyes to be a probation violator and explained to Reyes why it was revoking his community control sanctions.

{¶ 29} When a trial court gives a defendant "oral 'explanations' in lieu of written statements detailing the basis for [the] trial court's determination in revocation proceedings," and the trial court's statements "sufficiently inform[] the [defendant] of the reasons for which his probation was being revoked, while also providing an adequate record for review on appeal," then the trial court does not deprive the defendant of his due process rights. *State v. Delaney*, 11 Ohio St.3d 231, 235, 465 N.E.2d 72 (1984). Here, the trial court's statements were more than adequate to sufficiently inform Reyes as to why it was revoking his community control sanctions after he admitted to violating them.

{¶ 30} Reyes relies on *Columbus v. Dickel*, 77 Ohio App.3d 26, 301 N.E.2d 61 (10th Dist.1991), in support of his argument that the trial court's explanation must be set forth in a written statement that includes its findings and reasons for revoking probation. But even in *Dickel*, the court acknowledged the exception set

forth in *Delaney. See Dickel* at 37 ("[T]he court did not sufficiently inform appellant through an oral statement of the reasons for which his probation was revoked and the evidence relied upon so as to bring this case within the very narrow exception recognized in [*Delaney*].").

{¶ 31} Accordingly, we find no merit to Reyes's fourth assignment of error and overrule it.

{¶ 32} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, A.J., and
LARRY A. JONES, SR., J., CONCUR