[Cite as *State v. Oudeman*, 2019-Ohio-2667.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-100** |
| PAUL OUDEMAN, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 000785.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077. (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Melissa Ann Blake,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Paul Oudeman, Jr., appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to a term of 180 days imprisonment and four years community control, after accepting his plea of guilty to violating a condition of his community control. At issue is whether the trial court is authorized to sentence appellant to both a term of imprisonment and extend community control for a

violation of a condition of community control imposed as a penalty for a prior criminal conviction. We affirm.

{¶2} On July 4, 2017, appellant was involved in a series of car accidents. Police were notified, and appellant failed to stop when given a lawful order. As a result, appellant was charged with failure to comply with the order or signal of a police officer, a third-degree felony. Appellant ultimately pleaded guilty to one count of attempted failure to comply with the order or signal of a police officer, a fourth-degree felony. The trial court sentenced appellant to community control sanctions, including a three-year term of probation.

{¶3} On July 3, 2018, the state filed a motion to terminate community control accompanied by an affidavit of a probation violation. The affidavit alleged appellant used alcohol in violation of the conditions of his community control sanctions. Appellant subsequently pleaded guilty to violating the terms of community control. The trial court then sentenced him to 180 days imprisonment and also extended his community control sanctions by one year, for a total of four years community control.

{¶4} Appellant served his prison term after which he commenced serving the extended community control. He now appeals assigning the following as error:

{¶5} "The trial court erred by sentencing the defendant-appellant to a split sentence of 180 days in prison and community control sanctions as part of one sentence for the same charge, in violation of the legislative intent of Ohio's felony sentencing law."

{¶6} Appellant contends the trial court erred as a matter of law when it imposed both prison time and additional community control for his violation of a condition of his

existing community control. Where a trial court's judgment is challenged on a purported misconstruction of the law, the appropriate standard of review is de novo. *State v. Morris,* 132 Ohio St.3d 337, 2012-Ohio-2407, ¶16.

{¶7} In support of his position, appellant principally relies upon *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089 and *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813. In *Anderson*, the defendant was convicted of two felonies; the trial court sentenced him to a term of imprisonment for each felony and also issued a no-contact order, a community control sanction. On appeal, the defendant challenged the trial court's authority to impose the no-contact order in conjunction with a prison term. The appellate court disagreed and affirmed the trial court's judgment. On appeal to the Supreme Court of Ohio, the Court examined the relevant felony-sentencing statutes and concluded "the General Assembly intended prison terms and community control sanctions to be alternative sanctions." *Anderson, supra,* at ¶28. The Court therefore held that, "as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions." *Id.* at ¶31. Accordingly, the Court reversed and vacated the sentence.

{¶8} In *Paige*, the defendant pleaded guilty to sexual battery and domestic violence. The court imposed a community-residential sanction for one offense and a prison term for the other, and ordered them to be served concurrently. On appeal, the defendant argued the sentence was an impermissible "split sentence" not authorized by statute. The appellate court agreed but the Supreme Court, applying *Anderson*, reversed the decision. The Court asserted the defendant's sentence was not a "split

3

sentence" because the trial court imposed the community control and prison term for two separate offenses. The Court explained that "pursuant to the felony-sentencing statues, a court must impose either a prison term or a community-control sanction as a sentence for a particular felony offense – a court cannot impose both for a single offense. The trial court complied with that rule here by imposing a prison sentence on the sexual-battery count and, separately, a five-year period of community control on the domestic-violence count." *Paige, supra,* at ¶6.

{¶9} *Anderson* and *Paige* are both distinguishable from the instant matter insofar as they each addressed sentences relating to the underlying offenses with which the respective defendant was charged. Appellant was sentenced for violating a condition of community control, upon which he was placed after pleading guilty to the underlying offense. R.C. 2929.15(B)(1) controls a sentencing court's authority when imposing sanctions for a violation of a condition of community control. It provides:

{¶10} If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, *the sentencing court may impose upon the violator one or more of the following penalties*:

{¶11} (a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;

{¶12} (b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, including but not limited to, a new term in a community-based correctional facility, halfway house, or jail pursuant to division (A)(6) of section 2929.16 of the Revised Code;

{¶13} (c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

4

**{¶14}** (i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

**{¶15}** (ii) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days. (Emphasis added.)

**{¶16}** The foregoing statute plainly authorizes a trial court to impose either a longer term of community control, a more restrictive community control sanction, a prison term, or a combination of the three options ("the sentencing court may impose * * * one or more * * * penalties.")  As a result of appellant's guilty plea to the violation of one of the conditions of his community control, the trial court imposed a 180-day term of imprisonment, pursuant to R.C. 2929.15(B)(1)(c)(ii); it additionally imposed a longer term of community control, pursuant to R.C. 2929.15(B)(1)(a).  The statute afforded the trial court the discretion to do so and, as a result, this is an "express exception" to the general rule prohibiting "split sentences."  *See Anderson, supra.*  We discern no error in the trial court's exercise of its discretion.

**{¶17}** Next, appellant argues the trial court clearly and convincingly acted contrary to law by sentencing him to prison and continuing his community control because imposing the combination sentence is contrary to the legislative intent of H.B. 49.  H.B. 49 amended R.C. 2929.15(B)(1)(c)(i)-(ii) by limiting the prison terms a trial court could impose for a community control violation to either 90 or 180 days,

5

depending on the nature of the underlying offense for which the defendant was placed on community control. Appellant maintains this amendment was designed to reduce the cost of incarceration for lower-level felonies by reducing prison populations. In light of these points, appellant asserts the imposition of the term of imprisonment required the trial court to terminate any remaining community control to reduce the cost of potential future prison terms for potential future violations. Appellant's argument lacks merit.

{¶18} As discussed above, R.C. 2929.15(B)(1) unequivocally authorizes the trial court to impose one or more of the penalties enumerated for violations of community control conditions. Had the legislature wished to limit the trial court's authority when imposing penalties via H.B. 49, it could have specifically amended the statute to reflect this limitation, i.e., instead of vesting the court with discretion to impose "one or more" of the penalties, the General Assembly could have amended the language to limit the court's discretion to "one" of the penalties. We therefore conclude the trial court's imposition of a combination of prison and an increase of appellant's community control sanction is consistent with the letter of R.C. 2929.15(B)(1), as well as the intent of the legislature.

{¶19} Appellant's sole assignment of error lacks merit.

{¶20} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.

6