[Cite as *State v. Fullmer*, 2019-Ohio-3556.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-824 |
| v. | : | (C.P.C. No. 08CR-3997) |
| Brent T. Fullmer, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 3, 2019

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Valerie B. Swanson,* for appellee. **Argued:** *Valerie B. Swanson.*

**On brief:** *Yeura Venters,* Public Defender, and *George M. Schumann,* for appellant. **Argued:** *George M. Schumann.*

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} Many convicted felons argue that for any particular count, they should receive a sentence of community control rather than prison. This is not such a case.

{¶ 2} Rather, this case poses a question very recently addressed by the Supreme Court of Ohio in *State v. Hitchcock*, ___Ohio St.3d ___, 2019-Ohio-3246. Although the lead opinion there expressed in full the views of a single Justice, we understand that case to direct that absent specific statutory authority, "a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count." *Id.* at ¶ 24. Believing ourselves bound by that rule even with regard to a sentence imposed during the timeframe and under the circumstances described below, we will reverse the community control sentences challenged here and remand to the common pleas court for resentencing in accordance with law.

{¶ 3}   This matter relates back to sentencing decisions initially made in 2010, notably (perhaps) during the post-*Foster* period during which statutes governing consecutive sentences had been excised from the Code.  In July of that year, the trial court took up the sentencing of defendant Brent T. Fullmer, whose peripatetic record of dishonesty over the previous decade and a half caused the judge to remark that "[i]t almost looks like you're trying to go to prison in every state in the union."  July 23, 2010 Sentencing Proceedings at 16.  Given the circumstances of the cases, the judge appears to have been sorely tempted to send the defendant away to prison for many of the 26-plus years that the various felony convictions in the three cases before him might have permitted.  "It would be real simple to add up the maximum sentences and send you away," the judge told Mr. Fullmer.  *Id.* at 21.

{¶ 4}   Instead, the judge sentenced Mr. Fullmer to a total of two years in prison covering four felonies in two cases not at issue here, consecutive to concurrent sentences of five years incarceration on each of two third-degree felony identity fraud counts under Franklin C.P. No. 08CR-3997, to be followed by five years of community control for ten additional counts in that case of identity fraud, forgery, and theft as fourth and fifth-degree felonies.  *Id.* at 16-19; July 30, 2010 Judgment Entry.  Defense counsel had argued that Mr. Fullmer's previous incarcerations had not given him "help that he has been so desperately requesting," and the sentencing court was of the view that even though "the State and the victim[s might] think I need my head examined for not just locking you up and throwing away the key," such a decades'-long sentence would deprive victims of any chance at restitution (as then ordered in the amount 0f $10,292).  July 23, 2010 Sentencing Proceedings at 7-8, 21; July 30, 2010 Judgment Entry.

{¶ 5}   Mr. Fullmer did not appeal from that sentence.  He was granted judicial release from prison on July 26, 2016, with case terminations for time served on the two one-year sentences and with 137 days left on his five-year term in Franklin C.P. No. 08CR-3997.  He also did not appeal from the five years of community control reasserted by the trial court in conjunction with the judicial release.  *See* July 25, 2016 Entry Granting Judicial Release (with incorrect Franklin C.P. No. 08CR-4000); September 12, 2018 Nunc Pro Tunc Entry Granting Judicial Release (correcting case number to 08CR-3997).  In the words of his counsel, he "subsequently absconded" (with conditions of his community

control unfulfilled). August 14, 2018 Motion to Terminate Probation at 1. When eventually brought back before the trial court, he was found to have violated the terms of his community control, but the judge restored him to active community control under intensive supervision with drug screening and employment requirements. The judge denied his motion to terminate community control. October 23, 2018 Amended Entry.

{¶ 6} Appealing from that denial, Mr. Fullmer's unflinching position is that the community control sentences "on counts 3 through 12 must be vacated and the matter remanded for resentencing on counts 3 through 12"—with no option of community control on the table for those ten felonies. Appellant's Brief at 20. His current position is informed by his view that he may "collaterally attack his community control sanction as contrary to law" and therefore void. *Id.* at 6. Echoing an argument that now appears to have been adopted by the Supreme Court in *Hitchcock*, he posits a single assignment of error: "The trial court erred in denying the defendant-appellant's motion to vacate his community control sanction that was ordered consecutive to his prison term, because the community control sanction was contrary to law, since there is no statutory authority to impose a community control sanction consecutive to a prison term." *Id.* at 1.

{¶ 7} Urging that res judicata does not bar his attempt to have us revisit the never-appealed 2010 sentence, Mr. Fullmer invokes *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 22 (citation omitted): "Our jurisprudence on void sentences 'reflects a fundamental understanding of constitutional democracy' that the power to define criminal offenses and prescribe punishment is vested in the legislative branch of government and that courts may impose sentences only as provided by statute. Because '[n]o court has the authority to impose a sentence that is contrary to law,' when the trial court disregards statutory mandates, '[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.' " We take the point, and find that the sentence does not withstand *Hitchcock*.

{¶ 8} No one argues to us that the counts on which Mr. Fullmer received community control sentences, standing alone, called for mandatory prison terms. By the same token, no one has argued that Mr. Fullmer was not eligible for prison on any of the 12 counts in the case at issue. And Mr. Fullmer was indeed familiar with prison. As

summarized by the sentencing judge, his record from 1996 through 2008 included prison terms for forgery, bad checks, and theft in Lincoln, Nebraska; for theft in Seattle, Washington; for transport of a stolen vehicle, trafficking in counterfeit devices, and a scheme to defraud in Billings, Montana; for credit card fraud in Safford, Arizona; for "access device fraud" in Western Berks, Pennsylvania; for bad checks and theft in Shillington, Pennsylvania and then theft in South Heidelberg, Pennsylvania; and for theft or forgery in Franklin County, Tennessee. But he also seems to have served lesser sentences of jail or other probation for larceny in Jackson, Wyoming; for theft in Redmond, Washington; and for theft in Cumbru Township, Pennsylvania.

{¶ 9}   Mr. Fullmer's position, now supported by *Hitchcock* as it had been by certain but by no means all earlier court of appeals decisions in our state, is that having served prison time on other counts in this case (roughly equating in duration to the five-year maximum of total community control terms, *see* R.C. 2929.15(A)), his community control sentences on the rest are void as consecutive to the imprisonment, and resentencing is required. Appellant's Brief at 20. (We do note that the Supreme Court has made clear that there is no bar to a sentence of community control on one count running concurrently to and extending beyond a prison sentence on another count of less than the five-year community control total. *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813 [also holding that current R.C. 2929.41(A) precludes CBCF term from running consecutively to prison term, absent specific statutory authorization—a point that seems to have been overtaken by events and so not raised here with regard to Mr. Fullmer's original sentence]. In light of *Hitchcock*, *Paige*'s concurrent sentencing analysis is not relevant to Mr. Fullmer's consecutive sentences.)

{¶ 10} We think that *Hitchcock's* rule bears out his position, notwithstanding that his sentence was imposed during a time in which what *Hitchcock* calls the "default" position favoring concurrent sentences overall was not nearly so clear. We have considered that when Mr. Fullmer was sentenced in 2010, statutory constraints on consecutive terms of imprisonment as specified by R.C. 2929.41 and 2929.14(E)(4) [now (C)(4)] had been "excised in their entirety" by the subsequently vitiated case of *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856, ¶ 97.

{¶ 11} During that relatively brief interregnum before the reenactment of various statutes that dated in concept to the 1995 sentencing overhaul, it would have been understandable for courts and litigants alike to assume that absent some express statutory preclusion, sentencing judges did have the authority to impose consecutive prison terms on separate counts in felony cases, consistent with legislatively specified purposes and principles of sentencing and legislatively ordained, defined, and limited sanctions for the crimes at issue.  For example, in *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, *superseded by statute*, the Supreme Court held that in the aftermath of *Foster* and without legislative guidance as to the imposition of consecutive sentences—that is, with "no statute to establish in the circumstances before us presumptions for concurrent and consecutive sentencing or to limit trial court discretion [there] beyond the basic 'purposes and principles of sentencing,' " *id.* at ¶ 18—then, "[o]nce the legislature has defined the crime and has established the punishment that the trial court is to impose through its sentencing authority," and absent some statutory preclusion " 'it is a matter solely within the discretion of the sentencing court as to whether sentences shall run consecutively or concurrently,' " *id.* at ¶ 13 (citations omitted).  *See also, e.g., State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478 (trial court not required in post-*Foster* regime to impose concurrent sentences); *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, ¶ 14, 38 (supplanted by later statute reimposing factfinding requirements) (noting that pursuant to rulings including *Foster*, judicial factfinding then was not required for imposition of consecutive sentences; that "many defendants in Ohio have been sentenced by trial judges who have exercised their discretion to impose consecutive sentences without applying any of the statutes severed in *Foster*, including those regarding consecutive sentencing"; and that then-recent authority from the United States Supreme Court would permit Ohio's legislature to reestablish judicial factfinding criteria for imposition of consecutive prison sentences); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 2, 4, 22 (noting that after *Foster*, "judges had discretion to impose consecutive sentences," and that effective in 2011, General Assembly reenacted factfinding requirements for consecutive prison terms, citing R.C. 2929.14(C)(4)).

{¶ 12} But while a background presumption in favor of concurrent sentences might have been more difficult to discern at the time of the 2010 sentence, *Hitchcock* teaches that

the legislature did specify that principle (with regard to terms of imprisonment, at least) both before and after that time.  And the lead opinion in *Hitchcock* also recites that the "general principle is consistent with the rule of lenity, R.C. 2901.04(A)." 2019-Ohio-3246, ¶ 21.  The lenity rule applied in 2010 through the same terms in which it is expressed today (although we hasten to say that we understand *Hitchcock* to apply simply to the question that it addresses of whether community control sanctions may be imposed to run consecutive to prison terms).  We also read *Hitchcock* to say that R.C. 2929.13(A) (as applicable in 2010), with its allowance of "any sanction or combination of [specified community control or prison] sanctions" for a sentence, does not itself authorize consecutive terms.  *See id.* at ¶ 23.  Therefore, and in light also of concurring opinions in *Hitchcock* reasoning that a defendant at the time of sentence "cannot be both amenable and not amenable" to community control on different counts, *id.* at ¶ 27 (Donnelly, J., concurring), and that judicial discretion to impose community control on one count consecutive to prison on another "does not exist," *id.* at ¶ 35 (Stewart, J., concurring),  we are obliged to find that the trial court could not properly sentence Mr. Fullmer to community control consecutive to his sentence in this case of five years in prison.

{¶ 13} Sustaining Mr. Fullmer's assignment of error, we do as he has requested and remand this case to the Franklin County Court of Common Pleas to vacate the community control sentences on counts 3 through 12 and to resentence him on those counts consistent with this decision and in accordance with law.

*Judgment reversed in part; case remanded with instructions*
KLATT, P.J. and BEATTY BLUNT, J., concur.

———————————