[Cite as *State v. Renick*, 2021-Ohio-2578.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| SHILO RENICK, | : | Case No. 20-CA-00016 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Perry County Court
                             of Common Pleas, Case No. 20-CR-
                             0024


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            July 27, 2021


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOSEPH A. FLAUTT                      JAMES A. ANZELMO
Perry County Prosecutor               446 Howland Dr.
111 North High Street                 Gahanna, Ohio 43230
P.O. Box 569
New Lexington, Ohio 43764-0569

*Baldwin, J.*

{¶1}    Defendant-appellant Shilo Renick appeals his conviction and sentence from the Perry County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On June 1, 2020, the Perry County Grand Jury indicted appellant on one count of violating a protection order in violation of R.C. 2919.27(A)(2), a felony of the fifth degree, and one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree. At his arraignment on June 18, 2020, appellant entered a plea of not guilty to the charges.

{¶3}    Thereafter, on September 22, 2020, appellant entered a plea of no contest to the offense of violating a protection order and was found guilty of the same. The remaining charge was dismissed. Pursuant to a Judgment Entry filed on October 1, 2020, the trial court ordered that appellant be sentenced to eleven (11) months in prison, but suspended the sentence and placed appellant on three years of community control. The trial court also ordered appellant to serve 90 days in jail and suspended that time. At the September 29, 2020 sentencing hearing, the trial court advised appellant as follows:

{¶4}    THE COURT:  So if at any point in time in this case you go to prison, when you are released from the prison the Adult Parole Authority, if they choose to, can supervise your behavior out on the street for three years.  If they do that, they will put conditions on your behavior.

If you violate any of those conditions, they could return you to the prison for up to 90 days for each violation.  If there would be repeated violations, they could send you back for up to one-half of whatever sentence I impose.

So, for example, if I gave you 12 months on this, they could send you back for 6 months. It's always one-half.

Transcript of September 29, 2020 hearing at 8.

{¶5} Appellant now appeals, raising the following assignments of error on appeal:

{¶6} "I. THE TRIAL COURT UNLAWFULLY SUBJECTED RENICK TO POST-RELEASE CONTROL, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶7} "II. THE TRIAL COURT UNLAWFULLY ORDERED RENICK TO SERVE CONSECUTIVE SENTENCES FOR HIS OFFENSES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶8} "III. RENICK RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO MOVE FOR A DISMISSAL OF THE CHARGES AGAINST RENICK ON GROUNDS THAT THE PROSECUTION DESTROYED POTENTIALLY USEFUL EVIDENCE."

I

{¶9} Appellant, in his first assignment of error, argues that, at the sentencing hearing, the trial court failed to accurately inform him of the consequences of violating post-release control and that, therefore, his post-release control must be vacated.

**{¶10}** "Post-release control is a period of supervision that occurs after a prisoner has served his or her prison sentence and is released from incarceration, during which the individual is subject to specific sanctions with which he or she must comply." *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 35. It is settled that "a trial court has a statutory duty to provide notice of post release control at the sentencing hearing" and that "any sentence imposed without such notification is contrary to law." *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, *superseded by statute as stated in State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 22-23. Concomitantly, because a court is generally said to speak only through its journal, the trial court is "required to incorporate that notice into its journal entry imposing sentence." Id. at ¶ 17. *State v. Grimes,* 151 Ohio St.3d 19, 85 N.E.3d 700, ¶7, 2017-Ohio-2927.

**{¶11}** R.C. 2929.19(B)(2)(f) unambiguously requires that the court notify the offender that if the offender violates post-release control, the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon the offender. R.C. 2929.19(B)(2)(f) does not impose any other notification requirements on trial courts.

**{¶12}** In the case sub judice, appellee concedes that the trial court incorrectly advised appellant that he would be sentenced to prison for an additional ninety days on a first violation and did not advise appellant that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed upon him. However, appellant's community control has been terminated and, consequently, appellant cannot be sentenced to prison and later subjected to post-release control upon his release.

**{¶13}** Appellant's first assignment of error is, therefore, overruled as moot.

II

**{¶14}** Appellant, in his second assignment of error, contends that this Court must vacate the sanction that appellant faces for violating community control because the trial court imposed that sanction in contravention of the sentencing statutes.

**{¶15}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶16}** "Split sentences are prohibited in Ohio. Generally, pursuant to the felony-sentencing statutes, a court must impose either a prison term or a community-control sanction as a sentence for a particular felony offense—a court cannot impose both for a single offense. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 31." *State v. Paige*, 2018-Ohio-813, 153 Ohio St. 3d 214, 216, 103 N.E.3d 800, 802.

**{¶17}** In the case sub judice, the trial court informed appellant that if he violated community control, he faced eleven months in prison and ninety days in jail. Jail is a community residential sanction under R.C. 2929.16. Thus, the trial court was not authorized to subject appellant to a prison sentence as well as a jail term for violating community control.

**{¶18}** A trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation. *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶29. When a defendant is sentenced to community control on a count of conviction and notified at that time of the specific prison term he or she faces should he or she violate his community control, the defendant is only sentenced to community control sanctions and is not sentenced to that prison term. *State v. Duncan*, 12th Dist. Butler Nos. CA2015-05-086 & CA2015-06-108, 2016-Ohio-5559, ¶21.

**{¶19}** As noted by appellant, while the trial court sentenced appellant to eleven months in prison and then suspended the sentence and placed appellant on three years of community control, the proper procedure would have been to place appellant on community control and advise him of the prison sentence which would be imposed for a violation of community control.

**{¶20}** However, appellant's community control has been terminated without a prison sentence being imposed against him and, consequently, appellant's second assignment of error is, therefore, moot.

**{¶21}** Appellant's second assignment of error is overruled as moot.

III

**{¶22}** Appellant, in his third assignment of error, maintains that he received ineffective assistance of trial counsel when his trial counsel failed to move for a dismissal

of the charges against him on the grounds that the prosecution destroyed potentially useful evidence.

**{¶23}** To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶24}** At the September 22, 2019 plea hearing before the trial court, appellant indicated to the trial court that "[t]he interrogation tapes that I was interrogated on on this, they're just—they're vanished. I mean, it's just like they're gone." Transcript of September 22, 2019 hearing at 17. Appellant now argues that trial counsel was ineffective in failing to move for a dismissal of the charges against appellant on the grounds that the prosecution destroyed potentially useful evidence.

**{¶25}** Appellant's unsworn statement is the only indication that the recording of appellant's interview was destroyed. Moreover, there is nothing in the record establishing that the same was exculpatory.

**{¶26}** We find that appellant has failed to establish any deficient performance by trial counsel and had failed to establish that the alleged deficient performance prejudiced him.

**{¶27}**  Appellant's third assignment of error is, therefore, overruled.

**{¶28}**  Accordingly, the judgment of the Perry County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Hoffman, J. and

Wise, Earle, J. concur.