[Cite as *State v. Dowdley*, 2022-Ohio-815.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110377 |
| v. | : | |
| DIRK DOWDLEY, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** March 17, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-653044-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Eric Collins, Assistant Prosecuting Attorney, *for appellee.*

Paul W. Flowers Co., L.P.A., and Louis E. Grube, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Dirk Dowdley ("Dowdley") appeals from his sentence for burglary following a guilty plea. Specifically, Dowdley argues that his sentence is invalid because it was imposed under the Reagan Tokes Law and is

therefore unconstitutional, and that the court erred by imposing both a prison sentence and a community-control sanction. For the following reasons, we vacate and remand.

**Factual and Procedural History**

{¶ 2} On October 1, 2020, a Cuyahoga County Grand Jury indicted Dowdley on one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree; one count of petty theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree; and one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree.

{¶ 3} Dowdley initially pleaded not guilty to these charges. On February 3, 2021, the assistant prosecuting attorney and Dowdley's counsel informed the court that they had negotiated a plea deal. The assistant prosecuting attorney informed the court that Dowdley was agreeing to plead guilty to one count of burglary, as indicted, and the remaining counts would be dismissed. The parties informed the court that they were recommending a sentence of two years.

{¶ 4} The court engaged in a Crim.R. 11 colloquy with Dowdley and accepted his guilty plea. As part of the plea colloquy, the court informed Dowdley that the burglary charge was a qualifying offense under Senate Bill 201, the Reagan Tokes law ("Reagan Tokes"), and explained the implications of the law. The court then proceeded directly to sentencing.

{¶ 5} The state informed the court that the victim of the burglary had expressed a desire that Dowdley go to prison, and that she was asking for $1,100 in

restitution. The court then imposed a sentence of two to three years in prison. The court also imposed a suspended sentence of six years and ordered Dowdley to obtain his GED. Finally, the court ordered Dowdley to pay restitution in the amount of $1,100 by February 3, 2025. The state questioned whether the court's sentence was duplicative, to which the court responded that it was not.

**{¶ 6}** On February 26, 2021, Dowdley filed a pro se motion for jail-time credit. On March 2, 2021, Dowdley's counsel filed a motion for jail-time credit. On March 24, 2021, the court granted Dowdley's motion and he was credited with 149 days of jail-time credit.

**{¶ 7}** Dowdley appeals, presenting two assignments of error for our review.

**Legal Analysis**

**{¶ 8}** In his first assignment of error, Dowdley argues that his sentence is invalid because it was imposed pursuant to Reagan Tokes, which violates the Ohio and United States Constitutions. Specifically, Dowdley argues that the law violates his due process rights. Dowdley's arguments are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled the challenges presented in this appeal to the Reagan Tokes Law enacted through S.B. 201. Therefore, we find that Dowdley's sentence pursuant to Reagan Tokes was not a violation of his constitutional rights. Dowdley's first assignment of error is overruled.

**{¶ 9}** In his second assignment of error, Dowdley argues the trial court committed plain error by imposing both a prison sentence and a community-control

sanction. Specifically, Dowdley argues that the court does not have statutory authority to impose both a prison sentence and a community-control sanction — in this case, the requirement that Dowdley obtain his GED — because such split sentences are prohibited in Ohio. The state concedes that the trial court must impose either a prison term or a community-control sanction, but disagrees that the case should be remanded for resentencing because, according to the state, the plea agreement specified that Dowdley was to receive a two-year prison sentence.

{¶ 10} The Ohio Supreme Court has held that "the General Assembly intended prison and community-control sanctions as alternative sentences for a felony offense" and therefore, "absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions." *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 31. *See also State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 6 ("Split sentences are prohibited in Ohio. [A] court must impose either a prison term or a community-control sanction as a sentence for a particular felony offense — a court cannot impose both for a single offense").

{¶ 11} Therefore, upon review, we find that Dowdley's sentence is contrary to law. The trial court clearly imposed both a prison term and a community-control sanction. The court imposed an indefinite prison term of two to three years pursuant to Reagan Tokes, together with a community-control sanction in the form of a requirement that Dowdley obtain his GED.

{¶ 12} Further, we are not persuaded by the state's argument that the appropriate remedy to this sentencing error is to vacate the portion of the sentence that imposes a community-control sanction. Despite both the state's assertion that this case involved an agreed sentence and the trial court's statement at sentencing that it was "accepting" the parties' recommendations, it is not clear that the trial court was bound by this agreement. Whether the court was bound to accept the parties' recommendations depends on the specific facts and circumstances of the case, but the issue need not be addressed in this appeal because the appropriate prison sentence for a qualifying felony of the second degree pursuant to Reagan Tokes and the formula in R.C. 2929.144(A) would be a minimum of two years and a maximum of three years. Moreover, as described above, the trial court ultimately deviated from this agreement both when it imposed a community-control sanction and when it imposed an indefinite sentence pursuant to Reagan Tokes. Therefore, Dowdley's second assignment of error is sustained. Dowdley's sentence is vacated and the case is remanded for resentencing.

{¶ 13} Judgment vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR

N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.