[Cite as *State v. Houston*, 2021-Ohio-3374.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29114 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-3190 |
| | : | |
| CHARLES HOUSTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of September, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by J. JOSHUA RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MICHAEL W. HALLOCK, JR., Atty. Reg. No. 0084360, P.O. Box 292017, Dayton, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Charles Houston, appeals from his convictions in the Montgomery County Court of Common Pleas after he pled no contest to two counts of aggravated vehicular assault and two counts of operating a vehicle while under the influence of alcohol ("OVI"). In support of his appeal, Houston contends that the indefinite five-to-seven-and-one-half-year prison sentence he received for aggravated vehicular assault was contrary to law because the trial court failed to adequately consider the seriousness and recidivism factors set forth in R.C. 2929.12. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On March 3, 2021, Houston pled no contest to two second-degree felony counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a). Houston also pled no contest to two first-degree misdemeanor counts of OVI—one in violation of R.C. 4511.19(A)(1)(a) and the other in violation of R.C. 4511.19(A)(1)(b). The charges arose after Houston crashed his vehicle into the back of a parked SUV while driving with a blood alcohol concentration of 0.146. The collision severely injured the owner of the parked SUV and the owner's 13-year-old cousin, who were both loading bags into the back of the SUV when the collision occurred. The trial court accepted Houston's no contest pleas and found him guilty of the aforementioned charges.

{¶ 3} On March 31, 2021, the trial court sentenced Houston to a mandatory, indefinite term of five to seven-and-one-half years in prison for each count of aggravated vehicular assault and ordered those terms to be served concurrently with one another. The trial court then merged the two OVI offenses, and the State elected to have Houston

sentenced on the count in violation of R.C. 4511.19(A)(1)(b).   Thereafter, the trial court sentenced Houston to serve 180 days in prison for the OVI offense and ordered that sentence to run concurrently with the sentences imposed for the aggravated vehicular assault offenses.   The trial court also ordered Houston to pay court costs, a mandatory fine of $375, and $2,897.10 in restitution to the victims.   The trial court further ordered Houston's driver's license to be suspended for a total of ten years.

{¶ 4} Houston now appeals, challenging the trial court's sentence and raising a single assignment of error for review.

**Assignment of Error**

{¶ 5} Under his sole assignment of error, Houston contends that the trial court's decision to sentence him to an indefinite term of five to seven-and-one-half years in prison for aggravated vehicular assault was contrary to law because the trial court failed to adequately consider the seriousness and recidivism factors set forth in R.C. 2929.12. Specifically, Houston claims that the trial court failed to adequately consider the factors under sections R.C. 2929.12(E)(3), (E)(4), and (E)(5), which are: (1) whether Houston led a law abiding life for a significant number of years prior to the offenses; (2) whether the offenses were committed under circumstances not likely to recur; and (3) whether Houston showed genuine remorse for the offenses.

{¶ 6} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2).   *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7.   Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing,

only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes; or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

{¶ 7} " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11. For example, "[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.). Nevertheless, "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). Therefore, "when making a felony sentencing decision, a trial court must consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors, but there is no requirement for the trial court to make any on-the-record findings regarding R.C. 2929.11 and R.C. 2929.12." *State v. Benedict*, 2d Dist. Greene No. 2020-CA-25, 2021-Ohio-966, ¶ 8.

{¶ 8} Upon review, we find that Houston's claim that his sentence was contrary to law because the trial court failed to adequately consider the factors in R.C. 2929.12 lacks merit. The trial court was not required to make any findings under R.C. 2929.12, nor is there anything in the record suggesting that the trial court failed to consider the applicable

factors under that statute. Indeed, the trial court expressly stated at the sentencing hearing that it had considered "the purposes and principles of sentencing, the seriousness and recidivism factors, and all of the factors that apply to sentencing[.]" Sentencing Trans. (Mar. 31, 2021), p. 42. Therefore, the record establishes that the trial court complied with its obligation to consider the seriousness and recidivism factors set forth under R.C. 2929.12.

{¶ 9} We note that Houston's argument that the trial court did not adequately consider the factors in R.C. 2929.12 is essentially a claim that the record does not support his sentence under R.C. 2929.12. The Supreme Court of Ohio, however, recently explained that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." State v. Jones, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. Accordingly, "[w]hen reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not analyze whether those sentences are unsupported by the record." State v. McDaniel, 2d Dist. Darke No. 2020-CA-3, 2021-Ohio-1519, ¶ 11, citing State v. Dorsey, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18; Jones at ¶ 26-29. Instead, "[w]e simply must determine whether those sentences are contrary to law." Dorsey at ¶ 18.

{¶ 10} As already discussed, the record indicates that the trial court complied with its obligations under R.C. 2929.12 when sentencing Houston. Therefore, Houston's indefinite five-to-seven-and-one-half-year prison sentence for aggravated vehicular assault was not contrary to law, and Houston's claim otherwise lacks merit.

{¶ 11} Houston's sole assignment of error is overruled.

## Conclusion

**{¶ 12}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
J. Joshua Rizzo
Michael W. Hallock, Jr.
Hon. Mary Katherine Huffman