**[Cite as *State v. Reid*, 2021-Ohio-3948.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29121 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-3959/2 |
| | : | |
| DERRIKA REID | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of November, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Derrika Reid pled guilty to one count of obstructing justice (destroy evidence), in violation of R.C. 2921.32(A)(4), a felony of the fifth degree. The trial court sentenced her to 12 months in prison, to be served consecutively to a nine-month sentence in the Montgomery County Jail in Montgomery C.P. No. 2019-CR-3696.[1] Reid appeals from her conviction, claiming that her 12-month prison sentence was contrary to law.

{¶ 2} Upon review, we conclude that Reid's 12-month sentence was not contrary law, but that the trial court committed plain error in the imposition of consecutive sentences. The trial court's judgment will be affirmed in part and reversed in part, and the matter will be remanded for the trial court to issue an amended judgment entry of conviction reflecting concurrent terms.

## I. Facts and Procedural History

{¶ 3} Reid was indicted, along with her brother, Delorean Dorsey, on January 20, 2021, on one count of bribery, in violation of R.C. 2921.02(C), a felony of the third degree, one count of intimidation of a victim, in violation of R.C. 2921.04(B)(1), a felony of the third degree, and one count of intimidation of a crime victim or witness, in violation of R.C. 2921.04(A), a misdemeanor of the first degree. The charges stemmed from efforts Reid and Dorsey made to influence the testimony of Trenton Miniard, the victim of felonious assault and aggravated robbery allegedly committed by Dorsey in July 2020.

{¶ 4} At the time of the alleged offenses, Reid was on intervention in lieu of conviction (ILC) for aggravated possession of drugs, a felony of the fifth degree, in Case

---

[1] Reid was not eligible for targeted community alternatives to prison (T-CAP) due to the consecutive sentences.

No. 2019-CR-3696. Reid's ILC was revoked on February 18, 2021, and the court ordered her to be imprisoned for nine months in the Montgomery County Jail. This sentence appears to have been a community residential sanction under R.C. 2929.16.[2] While we believe the trial court was limited to imposing a term of up to six months in jail under R.C. 2929.16(A)(2), that sentence is not before us.

{¶ 5} The parties subsequently reached a plea agreement in this case. In exchange for the dismissal of the indicted charges, Reid agreed to plead guilty to a new charge of obstructing justice. On April 17, 2021, Reid filed a "Sentencing Memorandum" in which she stated that she had "a previous conviction in this Court for Aggravated Possession of Drugs for which she initially received ILC, which was revoked on February 18, 2021, and the Court imposed a 9-month jail sentence, which Ms. Reid is presently serving." Reid argued that "the least restrictive sanction and best way to protect the public from future offenses by [her] would be to allow her to enter and complete a community-based correction facility." Alternatively, she asserted that she "requested that [she] also be considered for outpatient rehabilitative services, while remaining in her home in the community and reunited with her fourteen-year-old son."

{¶ 6} Reid was sentenced on April 27, 2021. The court indicated on the record as

---

[2] R.C. 2929.15, addressing community control sanctions, provides, in relevant part: "If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code." R.C. 2929.15(A)(1). R.C. 2929.16(A) authorizes community residential sanctions, including terms at a community-based correctional facility, jail, a halfway house, or an alternative residential facility. Upon revocation of Reid's ILC, the trial court had the authority to impose an appropriate sentence under R.C. Chapter 2929, including community control sanctions. See R.C. 2951.041(F).

follows:

> I have reviewed the presentence investigation. I notice that the Defendant was noncompliant with her supervision in 19-CR-3696 – repeatedly failed to comply with the terms and conditions of supervision, repeatedly failed to attend office visits or contact her probation officer.
>
> In addition in this matter, she takes no responsibility. She actually, with regard to the PSI, she indicated she was just trying to help a friend tell the truth. I'm – I just find that to be outrageous.

As stated above, the trial court imposed 12 months in prison, to be served consecutively to the nine-month sentence in Case No. 2019-CR-3696.

{¶ 7} Reid appeals from her conviction.

## II. Review of Reid's Sentence

{¶ 8} In her sole assignment of error, Reid claims that her 12-month prison sentence was contrary to law. Specifically, Reid claims that the record did not support the trial court's findings and that her sentence was excessive.

{¶ 9} In response, the State argues that the court did not err in sentencing Reid to 12 months. However, the State acknowledges that the trial court did not make the appropriate consecutive sentencing findings, which renders the sentence contrary to law. According to the State, because "the trial court did not sufficiently provide consecutive sentencing findings either at the hearing or in the termination entry," the case must be remanded for resentencing in order for the court to make the additional findings to support the imposition of consecutive sentences. The State cites R.C. 2929.14(C)(4)(a), (b), and (c).

{¶ 10} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes; or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

{¶ 11} " '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11. We have stated, by way of example, that "[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.); *State v. Houston*, 2d Dist. Montgomery No. 29114, 2021-Ohio-3374, ¶ 6. Nevertheless, "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King,* 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). Therefore, "when making a felony sentencing decision, a trial court must consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors but there is no requirement for the trial court to make any on the record findings regarding R.C. 2929.11 and R.C. 2929.12." *State v. Benedict*, 2d Dist. Greene No. 2020-CA-25, 2021-

Ohio-966, ¶ 8.

{¶ 12} We note that the terms "imprisoned" and "imprisonment" are broadly defined. Unless context otherwise requires, they mean:

being imprisoned under a sentence imposed for an offense or serving a term of imprisonment, prison term, jail term, term of local incarceration, or other term under a sentence imposed for an offense in an institution under the control of the department of rehabilitation and correction, a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse, a minimum security jail, a community-based correctional facility, or another facility described or referred to in section 2929.34 of the Revised Code for the type of criminal offense and under the circumstances specified or referred to in that section.

R.C. 1.05(A). However, we emphasize that a sentence of local incarceration or jail term is not the same as a prison sentence. " 'Local incarceration' is served in a jail, or other state residential facility. A 'prison term' is served in a prison under the authority of the Department of Rehabilitation and Correction." *State v. Marcum*, 5th Dist. Ashland No. 01-COA-01411, 2002 WL 109520, *2.

{¶ 13} The Ohio Supreme Court has emphasized that a trial court's authority to impose consecutive sentences is governed by statute. *See, e.g., State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 22 ("[C]onsecutive sentences may be imposed only when the Revised Code specifies that sentences may or must be imposed consecutively."); *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 13 ("Judges must impose only those sentences provided for by statute."). We

therefore turn to R.C. 2929.41, the statute regarding multiple sentences.

{¶ 14} R.C. 2929.41 provides, in relevant part:

(A) Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

"The first sentence of R.C. 2929.41(A) enacts the general rule requiring concurrent sentencing with only clearly delineated exceptions, including the provisions in R.C. 2929.41(B) and other statute[s]." *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, ¶ 10. The second sentence of R.C. 2929.41(A), as well as R.C. 2929.41(B)(1) and (3), address jail terms or sentences of incarceration for misdemeanor offenses. Because neither of Reid's cases involved a misdemeanor, those provisions are inapplicable. R.C. 2929.41(B)(2) permits an Ohio court to impose a prison term consecutively to a prison term imposed by another state or the United States; this provision likewise does not apply to the circumstances before us.

{¶ 15} R.C. 2929.14 concerns *prison* terms and includes an exception to R.C. 2929.41(A)'s requirement for concurrent sentences. Specifically, R.C. 2929.14(C)(4), which governs the imposition of consecutive *prison* terms, provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 16} While the State acknowledges that the trial court did not make the appropriate consecutive sentencing findings, which rendered the sentence contrary to law, we conclude that by its plain language, R.C. 2929.14(C)(4) applies to the imposition of consecutive *prison* terms only. *See Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246,

134 N.E.3d 164, ¶ 12 (R.C. 2929.14(C)(4) does not permit a court to impose a term in a community-based correctional facility (CBCF) consecutively to a prison term, because a term of confinement in a CBCF is not a prison term). Accordingly, we further conclude that R.C. 2929.14(C)(4) does not contemplate the imposition of a prison term to be served consecutively to local incarceration.

{¶ 17} Finally, R.C. 2971.03(D) and (E) govern consecutive sentences for offenders convicted of violent sex offenses and sexually violent predator specifications; sentences for offenders convicted of designated homicide, assault, or kidnapping offenses and both a sexual motivation and sexually violent predator specification. We accordingly conclude it is inapplicable to the requirement for concurrent sentences herein.

{¶ 18} Having found no exception to the general rule requiring concurrent sentencing, we conclude that the trial court erred in ordering the sentence herein to be served consecutively to Reid's jail term in Case No. 2019-CR-3696. In other words, we find the imposition of consecutive sentences was clearly and convincingly contrary to law. Although Reid's assigned error is limited to the trial court's imposition of the 12-month sentence, we "may notice plain errors that occurred which affect substantial rights. Crim.R. 52(B)." *State v. Reid*, 2d Dist. Montgomery No. 23409, 2010-Ohio-1686, ¶ 14. We conclude that plain error is demonstrated in the imposition of consecutive sentences.

{¶ 19} This conclusion is supported by the Ohio Supreme Court's decisions in *Hitchcock* and *Paige*. In *Paige,* 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, the trial court imposed a prison term for sexual battery and community control sanctions for domestic violence. The community control sanctions included a requirement, pursuant to R.C. 2929.16(A)(1), that Paige be assessed and transferred to a CBCF upon

his release from prison. Upon review, the supreme court found that none of the exceptions to R.C. 2929.41(A) applied to allow the CBCF term to run consecutively to the prison term imposed for sexual battery, and thus the trial court "had no statutory authority to order, as part of the community-control sanction, that Page be placed in a CBCF after his completion of the separate prison term." *Id.* at ¶ 13.

{¶ 20} In *Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, the defendant was sentenced to five years in prison on two counts of unlawful sexual conduct with a minor, to be served consecutively. With respect to a third count of the same offense, the court imposed a consecutive sentence of five years of community control, which included a condition that he be assessed for potential placement in a CBCF for sex offender treatment following the completion of his prison sentence. Following *Paige*, the Ohio Supreme Court again concluded that the trial court had no authority to order, as part of a community-control sentence, that Hitchcock be placed in a CBCF after the completion of his prison term. *Id.* at ¶ 12-13. Addressing community control sanctions generally, the Ohio Supreme Court further held that, because no statutory authorization exists, a trial court may not impose community control sanctions on one felony count, to be served consecutively to a prison term on another felony count. *Id.* at ¶ 24.

{¶ 21} In summary, the trial court's imposition of a 12-month sentence in this case, to be served consecutively to a 9-month jail term, pursuant to R.C. 2929.16(A)(2), in Reid's prior case (Case No. 2019-CR-3696) was contrary to law and amounted to plain error.

{¶ 22} Regarding the imposition of Reid's 12-month sentence for obstructing justice, we do not agree with Reid that "[a]ny prison sentence in this matter is contrary to

law." Pursuant to R.C. 2929.13(B)(1)(a), and except as provided in R.C. 2929.13(B)(1)(b), community control is mandatory for certain fourth- or fifth-degree felonies if all the provisions in R.C. 2929.13(B)(1)(a)(i)-(iv) apply. R.C. 2929.13(B)(1)(a)(i) provides: "The offender previously has not been convicted of or pleaded guilty to a felony offense." Since Reid pled guilty to aggravated possession of drugs, a felony of the fifth degree, community control was not mandatory for her.

{¶ 23} A trial court may impose a prison term upon an offender who commits a fourth- or fifth-degree felony that is not an offense of violence if, among other things, the "offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance." R.C. 2929.13(B)(1)(b)(x).[3] We note that the February 18, 2021 order revoking ILC in Case No. 2019-CR-3696 stated that Reid admitted to violating "the rules and regulations of the Division of Criminal Justice Services of the Court, the General Conditions of this Court for probationers and Defendant's Specific Conditions of ILC." Finally, we note that Reid's sentence of 12 months was within the statutory range for a felony of the fifth degree. R.C. 2929.14(A)(5). Based upon the foregoing, we conclude that Reid's assertion that "any prison sentence in this matter is contrary to law" lacks merit.

### III. Conclusion

{¶ 24} Having concluded that the imposition of consecutive sentences was

---

[3] R.C. 2951.041(D) provides: "If the court grants an offender's request for intervention in lieu of conviction, the court shall place the offender under the general control and supervision of the county probation department, the adult parole authority, or another appropriate local probation or court services agency, if one exists, as if the offender was subject to a community control sanction imposed under section 2929.15, 2929.18, or 2929.25 of the Revised Code. * * *."

contrary to law, demonstrating plain error, and further that Reid's 12-month sentence was not contrary to law, the trial court's judgment will be affirmed in part and reversed in part, and the matter will be remanded for the trial court to issue an amended judgment entry of conviction reflecting concurrent terms.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
Kirsten Knight
Hon. Mary Katherine Huffman