[Cite as *State v. Delong*, 2022-Ohio-207.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2021-CA-32 & |
| | : | 2021-CA-33 |
| v. | : | |
| | : | Trial Court Case Nos. 2021-CR-36 & |
| TODD E. DELONG II | : | 2021-CR-160 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of January, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502

ANDREA G. OSTROWSKI, Atty. Reg. No. 0075318, 20 South Main Street, Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Todd DeLong II appeals from his conviction, following guilty pleas, of one count of trespass into a habitation in Clark C.P. No. 2021-CR-36 and one count of receiving stolen property in Clark C.P. No. 2021-CR-160. Both offenses were felonies of the fourth degree. The court imposed consecutive sentences of 18 months, for an aggregate term of 36 months. We will affirm the judgment of the trial court.

{¶ 2} In Case No. 2021-CR-36, DeLong was indicted on January 20, 2021 on six counts: aggravated burglary, felonious assault, theft, violating a protection order, and two counts of failure to comply with an order or signal of a police officer. He pled not guilty on March 5, 2021. On April 29, 2021, DeLong withdrew his not guilty pleas, and the aggravated burglary offense was amended to trespass into a habitation, to which DeLong entered a guilty plea. DeLong's plea form specifically acknowledged that DeLong "did cause physical harm to the victim and therefore community control is not mandatory."

{¶ 3} In Case No. 2021-CR-160, DeLong was indicted on March 15, 2021, for receiving stolen property, and he initially pled not guilty. He then changed his plea to guilty on April 29, 2021.

{¶ 4} At sentencing, the trial court found that the trespass into a habitation was an offense of violence under R.C. 2901.01(A)(9)(C), in that it was "committed purposely or knowingly involving physical harm to persons or a risk of serious physical harm to persons." Specifically, the court noted: "Physical harm was caused to the victim in this case. She indicated that there was considerable bleeding from being punched in the face, and that her septum has been shattered, and she may be facing surgery for that." The court also found that consecutive sentences were necessary to protect the public

from future crime and to punish DeLong, and that consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger he posed to the public.

{¶ 5} Further, the trial court found that DeLong had committed the receiving stolen property offense while he was under indictment in Case No. 2021-CR-36 and had failed to appear for his arraignment, following which a warrant for his arrest had been issued. The trial court also noted that the State had dismissed some very serious charges, including aggravated burglary, a first-degree felony; felonious assault, a second-degree felony; violating a protection order, a third-degree felony; and failure to comply with the order or signal of a police officer, a third-degree felony.

{¶ 6} The trial court found DeLong guilty and sentenced him to consecutive sentences, as described above.

{¶ 7}   DeLong asserts the following assignments of error:

THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE SINCE COMMUNITY CONTROL WAS THE MANDATED SENTENCE,

THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES.

{¶ 8} With respect to review of felony sentences on appeal, we have stated:

When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2).   *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7.   Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may

vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes; or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

" '[C]ontrary to law' means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider." (Citation omitted.) *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11. For example, "[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.). Nevertheless, "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). Therefore, "when making a decision, a trial court must consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors, but there is no requirement for the trial court to make any on-the-record findings regarding R.C. 2929.11 and R.C. 2929.12." *State v. Benedict*, 2d Dist. Greene No. 2020-CA-25, 2021-Ohio-966, ¶ 8.

*State v. Houston*, 2d Dist. Montgomery No. 29114, 2021-Ohio-3374, ¶ 6-7.

**{¶ 9}** We have also stated:

Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it finds that:(1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

"[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-

3177, 16 N.E.3d 659, syllabus. "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d. Dist.). The consecutive nature of the trial court's sentencing decision should therefore stand "unless the record overwhelmingly supports a contrary result." (Citation omitted.) *Id.* at ¶ 39.

*State v. Derrick*, 2d Dist. Montgomery No. 28878, 2021-Ohio-1330, ¶ 12-13.

{¶ 10} R.C. 2929.13(B)(1)(a), which DeLong cites, states:

Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree *that is not an offense of violence* * * *, the court *shall* sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

(Emphasis added.)

{¶ 11} R.C. 2901.01(A)(9)(c) defines an offense of violence as an "offense, other than a traffic offense, * * * committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons."   In DeLong's plea form, the parties recognized that DeLong had caused physical harm to the victim and that community control was not mandatory.   And the trial court found that, in the course of committing the trespass offense, DeLong had punched the victim in the face and broken her septum, possibly requiring surgery.   Accordingly, we cannot conclude that DeLong's sentence for trespass into a habitation was contrary to law.   His first assignment of error is overruled.

{¶ 12} The record further reflects that the court made the findings required by R.C. 2929.14(C) in imposing consecutive sentences.   The court noted that DeLong had committed receiving stolen property while under indictment in another case, Case No. 2021-CR-36.   We cannot clearly and convincingly find that the record does not support the court's findings that consecutive sentences were appropriate.   Accordingly, DeLong's second assignment of error is overruled.

{¶ 13} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Ian A. Richardson
Andrea G. Ostrowski
Hon. Douglas M. Rastatter