[Cite as *State v. Turner*, 2022-Ohio-1263.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-29 |
| | : | |
| v. | : | Trial Court Case Nos. 2021-CR-22 and |
| | : | 2021-CR-143 |
| DANIELLE RENEE TURNER | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of April, 2022.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

COLIN P. COCHRAN, Atty. Reg. No. 0098448, P.O. Box 293043, Dayton, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Danielle Renee Turner appeals from her conviction following a guilty plea to one count of selling, purchasing, distributing, or delivering dangerous drugs and one count of aggravated drug possession. She also appeals from the trial court's revocation of community control and imposition of a prison term in a prior drug-possession case.

{¶ 2} Turner's appointed appellate counsel has filed brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for our review. We notified Turner of the *Anders* filing and gave her an opportunity to submit her own brief. Turner did not file a pro se brief.

{¶ 3} Turner's appellate counsel has considered various issues for our review but has concluded that they lack arguable merit. Based on our independent review of the record, we agree with counsel's assessment. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} Turner pled guilty to one count of possessing dangerous drugs, a fifth-degree felony, in Champaign C.P. No. 2021-CR-22. She was sentenced to two years of community control.

{¶ 5} While on community control, Turner engaged in conduct resulting in a guilty plea in Champaign C.P. No. 2021-CR-143 to a bill of information charging her with selling, purchasing, distributing, or delivering dangerous drugs, a fourth-degree felony, and aggravated drug possession, a fifth-degree felony. Turner admitted that the conduct underlying these charges violated the conditions of her community control in the earlier drug-possession case.

{¶ 6} After Turner's admission to violating the conditions of community control in case number 2021-CR-22, the trial court revoked community control and imposed a 12-month prison sentence. Following Turner's guilty plea to the bill of information in case number 2021-CR-143, the trial court imposed a 14-month prison sentence for selling, purchasing, distributing, or delivering dangerous drugs and a 10-month prison sentence for aggravated drug possession. The trial court ordered the two sentences in case number 2021-CR-143 to be served concurrently but consecutive to the 12-month prison term in case number 2021-CR-22. The result was an aggregate 26-month prison sentence. The trial court also ordered Turner to pay a fine of $250 plus court costs in case number 2021-CR-143. Finally, the trial court informed Turner of the possibility that, upon her release from prison, she would be on post-release control for up to three years. This appeal followed.

## II. Analysis

{¶ 7} Under *Anders*, we must conduct an independent review to determine whether Turner's appeal is wholly frivolous. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 8} In the present case, the *Anders* brief identifies the following issues that Turner's appellate counsel considered: (1) the knowing, intelligent, and voluntary nature of the guilty plea; (2) the aggregate 26-month prison sentence; (3) ineffective assistance of counsel; (4) the sentencing findings, including the findings required for consecutive sentences; (5) allied offenses of similar import; (6) the ability to pay a financial sanction; and (7) jail-time credit. Appellate counsel sees no non-frivolous argument with regard to any of these issues. We agree with counsel's assessment.

{¶ 9} The record reflects that Turner waived a grand-jury indictment and agreed to plead to the bill of information in case number 2021-CR-143. The trial court conducted a thorough plea hearing in full compliance with Crim.R. 11(C)(2)(a), (b), and (c), and Turner entered her guilty plea knowingly, intelligently, and voluntarily. She did likewise with regard to her admission to violating the terms of community control in case number 2021-CR-22.

{¶ 10} With regard to sentencing, appellate review is governed by R.C. 2953.08(G)(2). Under that statute, we may vacate or modify a sentence only if the record does not support findings under certain enumerated statutes or if the sentence is contrary to law. Here the only applicable statute referenced in R.C. 2953.08(G)(2) is R.C. 2929.14(C)(4), which governs the imposition of consecutive sentences. When ordering the sentences in Turner's two cases to be served consecutively, the trial court made all of the required findings and properly incorporated those findings into its judgment entry. The record also fully supports the trial court's consecutive-sentence findings. Turner has a long criminal history that includes prior drug offenses, prior incarceration, and prior drug

treatment. She committed the most recent drug offenses shortly after being placed on community control for drug possession.

{¶ 11} In addition, Turner's sentences are not contrary to law because they fall within the statutory range for her offenses, and the trial court explicitly considered the principles and purposes of sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. We note too that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42. Finally, Turner's sentences are consistent with the parties' negotiated plea agreement, she benefitted from the imposition of partially concurrent sentences, and the trial court properly informed Turner of the possibility of post-release control.

{¶ 12} We agree with appointed appellate counsel's determination that no non-frivolous issue exists with regard to counsel's performance during the plea or sentencing hearing. The record also establishes that Turner's two convictions in case number 2021-CR-143 are not allied offenses of similar import. One conviction involved selling gabapentin, and the other conviction involved using or possessing methamphetamine on a different day.

{¶ 13} The record further demonstrates that the trial court considered Turner's ability to pay before imposing a $250 fine and ordering her to pay court costs in case number 2021-CR-143. We see no non-frivolous argument related to that issue. Appointed appellate counsel also correctly notes that the trial court addressed jail-time credit and

awarded it to Turner in case number 2021-CR-22.

{¶ 14} Finally, in satisfaction of our obligation under *Anders*, we independently have examined the record, including the plea and sentencing transcript, and have found no non-frivolous issues for appeal. In addition to the issues discussed above, we note that the trial court was not required to impose community control for Turner's fourth-degree and fifth-degree felony offenses because she had a prior felony conviction and committed the most recent offenses while on community control. *State v. Reid*, 2d Dist. Montgomery No. 29121, 2021-Ohio-3948, ¶ 22-23.

### III. Conclusion

{¶ 15} The judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Kevin S. Talebi
Colin P. Cochran
Danielle Renee Turner
Hon. Nick A. Selvaggio